UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SEAN HAMER, Individually and On Behalf of All Others Similarly Situated,** § § § | |
| **Plaintiff,** § § | |
| **v.** § § | **CIVIL ACTION NO. 1:14-cv-570** |
| § | **JURY TRIAL DEMANDED** |
| **SOURCE REFRIGERATION & HVAC, INC.,** § § § | |
| **Defendant.** § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION AND DEMAND FOR JURY TRIAL**

**SUMMARY**

1.      Sean Hamer (hereinafter "Plaintiff") worked as refrigeration service technician for Defendant Source Refrigeration & HVAC, Inc. (hereinafter "Defendant").  Defendant paid Plaintiff on an hourly basis and classified him as non-exempt from overtime under the Fair Labor Standards Act ("FLSA").  Defendant required and/or permitted Plaintiff to work more than forty (40) hours in a workweek, but refused to compensate him for such hours at the overtime rate required under FLSA.

2.      The FLSA requires employers to pay employees one and one-half times their regular rate of pay when they work more than 40 hours in a work week. The "regular rate of pay" is a key term that affects how to calculate the overtime rate. *See* 29 C.F.R. § 778.108.  When an employer pays employees two or more hourly rates of pay, the "regular rate of pay" is calculated by using a weighted average each week. *See* 29 C.F.R. § 778.115.  For example, if an employee is paid a rate of $20/hour for 25 hours and $30/hour for 25 hours for a total of 50 hours in a

single workweek, the average regular rate of pay would be $25/hour. The overtime rate is then 1.5 times the $25 regular rate of pay, which comes out to $37.50. *See* 29 C.F.R. § 778.115.

3. Defendant paid two or more rates of pay in the same workweek to the Plaintiff and other service technicians. Instead of using a weighted average to calculate the overtime rate, Defendant illegally treated the higher hourly rates of pay as overtime premium payments themselves.

4. Defendant also violated the FLSA by not paying Plaintiff for the compensable time between jobs worked during the week. For example, Defendant required technicians to service its customers at one location from 8:00 AM to 10:00 AM and then again from 10:30 AM to 12:00 noon, but Defendant's pay policy is to deny compensating the technicians for the period between 10:00 AM and 10:30 AM, even though Plaintiff was not allowed to make personal use of that time due to restrictions imposed by Defendant. This "standby time" or "engaged to be waiting" is compensable under the FLSA.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Sean Hamer is an individual residing in Williamson County, Texas. He was assigned to Defendants Austin branch office, but performed work for Defendant's customers in multiple cities throughout Texas. His written consent form to this action is attached as Exhibit A.

8. Defendant Source Refrigeration & HVAC, Inc. is a foreign for-profit corporation which can be served with process by serving its registered agent as follows: C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

9. This Court has personal jurisdiction over Defendant Source Refrigeration & HVAC, Inc. because said Defendant purposefully availed itself of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. The assumption of jurisdiction over said Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

10. Defendant has and continues to have continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over the Defendant. Specifically, Defendant conducts business in the Texas market and operates in the following Texas cities: Austin, Dallas, Fort Worth, El Paso, Houston, Round Rock and San Antonio.

11. Said Defendant advertises, employs workers, owns property, and contracts with residents and businesses in Texas. Defendant contracted with HEB Grocery Stores, and other grocery stores throughout Texas to provide refrigeration and HVAC maintenance services by Texas residents hired to perform said work.

12. Further, this cause of action arose from or relates to the contacts of Defendant with Texas residents, such as Sean Hamer, and at least some of the violations that are the subject of this lawsuit occurred in Texas, thereby conferring specific jurisdiction over Defendant.

## FLSA COVERAGE

13. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

## FACTS

18. Defendant is a service provider of refrigeration and HVAC systems for various customers throughout the United States.

19. Specifically, Defendant contracts with companies such as grocery stores to provide repair and maintenance to their refrigeration units used to store food. One such grocery store is HEB grocery stores located throughout the state of Texas.

20. Defendant operates its business across the country, including in the following states: Texas, Colorado, Alabama, Arizona, California, Florida, Georgia, Idaho, New Mexico, Nevada, South Carolina, Washington, Oregon, Utah, Wyoming, and Montana.

21. Defendant employs refrigeration technicians to provide these services for its customers in each of those states.

22.     Defendant does not have any collective bargaining agreement with any of its service technicians.

23.     Defendant has a collective bargaining agreement with its service technicians.

24.     Defendant does not have any verbal or oral employment contract with any of its service technicians.

25.     Defendant has a verbal or oral employment contract with its service technicians.

26.     Defendant does not have any written employment contract with any of its service technicians.

27.     Defendant has a written employment contract with its service technicians.

28.     Plaintiff was employed by Defendant as a service technician to repair and maintain its customers' machines.

29.     Plaintiff worked for Defendant from April 2012 to January 2014 as an hourly paid service technician.

30.     Defendant paid Plaintiff on an hourly basis.

31.     Defendant has a written payroll policy and/or implemented practice of paying its service technicians different hourly rates of pay based on the time worked.

32.     Defendant treats these higher hourly rates as premium overtime pay to satisfy its legal obligation to pay overtime under the FLSA.

33.     For example, if Defendant paid a service technician a regular hourly rate of $28.00 during much of his employment. When Plaintiff worked any hours between Monday and Friday after 5:00 PM and before 7:00 AM, Defendant paid him $42.00 per hour. Defendant paid Plaintiff $42.00 per hour even when he did not work any other hours on the same work day. The

higher rate of pay was not contingent upon any other hours having been worked on the same work day.

34. Defendant used a similar pay policy for each of its other branch offices and regions referenced above.

35. Defendant also failed to pay Plaintiff for "standby time" during the workweek. By way of example, if a technician was assigned to start his work day at one location at 8:00 AM until 10:00 AM and then start a new job at 10:30 AM to 12:00 noon, Defendant as a matter of policy and practice did not compensate such technician for the time between 10:00 AM and 10:30 AM. While the Plaintiff waited for the next job assignment, Defendant restricted how he could use his time. Defendant, for example, would require the Plaintiff to drive company vehicles, but refused to allow him to run any personal errands whatsoever in such vehicles even during the thirty-minute period described above. Defendant also had a universal policy of prohibiting the technicians from letting their family members or friends travel in the company vehicles at any time, whether they were being paid by Defendant or not. Under Defendant's policy, technicians were subject to termination if they violated this written policy.

36. Defendant scheduled Plaintiff's service assignments and calculated Plaintiff's compensation. Therefore, Defendant knew Plaintiff was not being compensated for a significant amount of time each week between jobs.

37. This "standby time" is compensable under the FLSA.

38. Although Plaintiff was required to work more than forty (40) hours per work-week, and did so frequently, Plaintiff was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work-week.

39. No FLSA exemption applies to individuals such as Plaintiff.

40. Defendant's method of paying Plaintiff in violation of the FLSA is willful, and is not based on a good faith and reasonable belief that their conduct does not violate the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff worked closely with other service technicians and is familiar with the pay practices of Defendant. Plaintiff learned that Defendant's pay policy and practice of not compensating technicians for standby time as described above applies to Class Members as well. In addition, Plaintiff learned that Defendant's pay policy and practice of paying two or more hourly rates of pay to service technicians and treating the higher rates as overtime premiums is the result of a policy and practice and applies to Class Members as well.

42. Plaintiff gained this personal knowledge after having worked with other refrigeration service technicians at various locations of Defendant.

43. Other employees similarly situated to Plaintiff work for Defendant throughout the United States in a similar capacity, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

44. Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

45. The Class Members perform or have performed the same or similar work as the Plaintiff.

46. Defendant classifies its service technicians using eight different job levels based on the technician's level of experience. However, all such technicians are hourly-paid and are classified by Defendant as non-exempt. Moreover, all such technicians are subject to the same

payroll policies of not being paid for standby time and failing to use the weighted average of all regular hourly rates applied to determine each technician's overtime rate.

47. Some branches pay the higher rates of pay using a different time window. For example, Texas pays the higher hourly rates for an evening shift that starts at 5:00 PM and ends at 7:00 AM, whereas Phoenix pays the higher hourly rates for an evening shift that starts at 4:30 PM and ends at 8:00 AM. However, the policy of illegally treating the higher hourly rates as premium overtime pay in violation of the FLSA is universal across the defined class and forms the basis of the overtime violation.

48. Class Members are not exempt from receiving overtime under the FLSA.

49. Class Members are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

50. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

51. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of Class Members.

52. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

53. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation.

54. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all

Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

55. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **All current and former hourly-paid service technicians who worked at least one week for Source Refrigeration & HVAC, Inc. at any time from three years prior to the filing of this Complaint to the time notice is mailed in the United States, except for the states of California, Colorado, Florida, and Georgia.**

## CAUSE OF ACTION:  VIOLATION OF U.S.C. § 207

56. Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

57. Defendant's practice of failing to pay Plaintiff and Class Members overtime at a rate not less than one and one-half times the regular rate for all hours over forty violates the FLSA. *See* 29 U.S.C. § 207.

58. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate are applicable to the Defendant or to the Plaintiff and Class Members.

59. Defendant's failure to pay overtime was willful and not based on a good faith belief that its conduct complied with the mandates of the FLSA. As such, Plaintiff and Class Members are entitled to a three year statute of limitations and liquidated damages. *See* 29 U.S.C. §§ 255, 260.

## DAMAGES SOUGHT

60. Plaintiff is entitled to recover his overtime compensation.

61. Plaintiff is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages. 29 U.S.C. § 216(b).

62. Plaintiff is entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## **PRAYER**

63. For these reasons, Plaintiff respectfully request that judgment be entered in his favor awarding them the following:

   a. Overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

   b. An equal amount as liquidated damages as allowed under the FLSA;

   c. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

   d. Such other relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Gabriel A. Assaad
Gabriel A. Assaad
State Bar No. 24076189
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS